ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 3 0 2006

at 12 o'clock and 10 min P M
SUE BEITIA, CLERK

JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BETH S. AMONETTE, ) | CIVIL NO. CV06 00583SPK KSC |
| Plaintiff, ) | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A and B"; SUMMONS |
| vs. ) | |
| INDYMAC BANK, F.S.B. and BRIDGE CAPITAL CORPORATION, ) | |
| Defendants. ) | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through her undersigned
attorney and allege as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are
instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601,
et seq., to rescind, recover actual and statutory damages,
reasonable attorney's fees and costs of suit by reason of the
Defendants' violations of that Act and the Regulations adopted
pursuant thereto published at 12 C.F.R. § 226, commonly known as

Regulation Z.  Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and failure to make required disclosures.

## JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Counts II and III of the Complaint, which arise under Chapter 480 of the Hawaii Revised Statutes and under other state laws.  Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3.  Plaintiff is a natural person and is a resident of the State of Hawaii.

4.  Defendant IndyMac Bank F.S.B. (hereinafter "IndyMac") is a federally chartered bank.  Defendant Bridge Capital Corporation (hereinafter "Bridge") is a corporation doing business in the State of Hawaii.  Both Defendants are subject to the jurisdiction of this Court.

## FACTS

5.  Within three years prior to the filing of this action, Defendants, in the ordinary course of business, regularly extended credit to their consumer customers for which a finance

charge was imposed and/or accepted assignment of such consumer debt.

6.   Bridge negotiated the terms of that loan, and at all times relevant herein, acted as a loan broker and as the agent of both IndyMac and Plaintiff.

7.   Bridge promised and represented to Plaintiff that she would get a loan at an interest rate of 1 and ½ per cent.

8.   At that time, Bridge knew that its representation was untrue, but made the above representation with the intent to induce Plaintiff into accepting the loan described herein.

9.   Plaintiff relied upon the above representation and was justified in her reliance.

10.   Plaintiff suffered detriment as a direct result of her reliance on that above-described promise.

11.   On or about August 29, 2006, Plaintiff entered into a loan transaction with IndyMac.   A true copy of the disclosure statement given to Plaintiff in connection with that loan is attached hereto as Exhibit "A".

12.   A true copy of the Notice of Right to Cancel given to Plaintiff for that loan is attached hereto as Exhibit "B".

13.   The above debt was incurred primarily for personal, family, or household purposes.

14.   The above indebtedness was secured by a mortgage on Plaintiff's principal residence.

15.  Upon information and belief, IndyMac is the present holder of the above described note and mortgage.

16.  On or about September 25, 2006, IndyMac and Bridge received notice, via certified mail, of Plaintiff's letter dated September 22, 2006, which stated that Plaintiff was rescinding the above described loan and tendered all amounts owing pursuant to the cancellation requirements of the Truth in Lending Act.

17.  Bridge responded via email and by telephone, but did not offer to rescind the loan or otherwise comply with the requests in the above described letter, except to send copies of a few of the loan documents.

18.  IndyMac did not respond directly to the above described letter at all and did not rescind the loan, did not release its mortgage and did not take the other steps required upon rescission.

19.  Plaintiff did not receive any response from anyone else to her rescission letter.

20.  Plaintiff again rescinds the above-described loan, and all other transactions she had or has with each of the Defendants.

21. Plaintiff will be irretrievably harmed if Defendants continue to refuse to rescind the loan and proceeds with collection of the loan and/or foreclosure upon her home.

<u>COUNT I</u>

22.   Plaintiff realleges and incorporates paragraphs 1 through 21 of this Complaint.

22.   Defendants have violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

       (a)   the Annual Percentage Rate,

       (b)   the Finance Charge,

       (c)   the Amount Financed,

       (d)   the Total of Payments and Payment Schedule,

       (e)   the Security Interest,

       (f)   the Notice of Right To Rescind, and

       (g)   by failing to honor Plaintiffs' rescission letter and request to rescind the loan transaction.

23.   Plaintiff has suffered serious personal injury and emotional harm as a result of Defendants' actions as described above.

<u>COUNT II</u>

24.   Plaintiff realleges and incorporates paragraphs 1 through 23 of this Complaint.

25.   Defendants have violated Chapter and 480 of the Hawaii Revised Statutes as alleged above.

26.   Defendants' violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

27. The promises as to the interest rate, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

28. Defendants' giving to Plaintiff an improper Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

29. Defendants' refusal to honor Plaintiff's rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

30. Plaintiff has suffered injury to her property in an amount to be proved at trial by reason of Defendants' violations.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I

1. Award Plaintiff her actual damages as will be proved at trial.

2. Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order Defendants immediately to return to Plaintiff all finance charges paid pursuant to that credit transaction, and direct that Plaintiff

has no further obligation of payment to any Defendant.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5. Order Defendants to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO COUNT II

6. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1,000.00;

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff has no further obligation of payment to any Defendant.

9. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10. Order Defendants to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO ALL COUNTS

11.  Declare Defendant's security interest in the subject property void, and enjoin Defendant from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

12.  Award Plaintiff her reasonable attorneys' fees and costs of Court.

13.  Award Plaintiff such other and further relief as the Court deems appropriate.

DATED:  Honolulu, Hawaii,  _October 26, 2006_____.


_____
JOHN HARRIS PAER
Attorney for Plaintiff